FILED IN OPEN COURT
U.S.D.C. Atlanta

JUN 1 7 2008

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ROME DIVISION

UNITED STATES OF AMERICA          :
                                  :        CRIMINAL ACTION
              v.                  :
                                  :        NO. 4:08-MJ-21
JAMES BARTHOLOMEW HUSKEY          :

GOVERNMENT'S MOTION FOR DETENTION

Comes now the United States of America, by and through its counsel, David E. Nahmias, United States Attorney, and Francey Hakes, Assistant United States Attorney for the Northern District of Georgia, and pursuant to 18 U.S.C. §§ 3142(e) and (f) moves for detention for the above-captioned defendant.

1.  Eligibility of Case.

This case is eligible for a detention order because this case involves (check all that apply):

| | |
|---|---|
| x | Crime of violence (18 U.S.C. § 3156) |
| _____ | Maximum sentence of life imprisonment or death |
| _____ | 10 + year drug offense |
| _____ | Felony, with two prior convictions in the above categories |
| x | Serious risk the defendant will flee |
| x | Serious risk of obstruction of justice |

2.   Reason for Detention.

The  Court  should  detain  defendant  because  there  are  no
conditions  of  release  that  will  reasonably  assure  (check  one  or
both):

  x____        Defendant's appearance as required

  x____        Safety of any other person and the community


3.  Rebuttable Presumption.

The  United  States  will  invoke  the  rebuttable  presumption
against  defendant  under  §  3142(e).   (If  yes)   The  presumption
applies because (check one or more):

_____        There is probable cause to believe defendant committed

              10 + year drug offense.

____          There is probable cause to believe defendant committed an

              offense  in  which  a  firearm  was  used,  carried,  or

              possessed under § 924(c).

____          Defendant has been charged with a federal offense that is

              described in § 3142(f)(1), and

              (1) defendant has been convicted of a Federal offense

              that is described in § (f)(1)of this section, or of a

              State  or  Local  offense  that  would  been  an  offense

              described in § (f)(1) of this section if a circumstance

              giving rise to Federal jurisdiction had existed;

2

(2) the offense described in paragraph (1) was committed while defendant was on release pending trial for a Federal, State or local offense; and

(3) A period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

__X__      [Circle one] This is an offense involving a minor under 18 U.S.C. § 1201, or an offense under 18 U.S.C. § 1591, 2241, 2242, 2244(a)(1), 2245, **2251**, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4.   <u>Time for Detention Hearing.</u>

The United States requests the Court conduct the detention hearing:

_____      At the initial appearance.

__X__      After continuance of _3_ days (not more than 3).

3

The Government requests leave of Court to file a supplemental motion with additional grounds or presumption for detention should this be necessary.

Dated:  this 17th day of June, 2008.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

FRANCEY HAKES
ASSISTANT U.S. ATTORNEY
600 U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303
(404)581-6185
Ga. Bar No.317420

4

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by hand delivery:

Matt Dodge
Federal Defender Program

This 17th day of June, 2008.

FRANCEY HAKES
ASSISTANT UNITED STATES ATTORNEY

5